**Monica Consuelo Constantino HUI-RACHE, a.k.a. Consuelo Constantino Huirache, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–72421.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 14, 2010.\*

Filed Jan. 6, 2011.

Monica Consuelo Constantino Huirache, El Monte, CA, pro se.

Lauren E. Fascett, David V. Bernal, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Cac–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE, and THOMAS, Circuit Judges.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Monica Consuelo Constantino Huirache, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' order denying her motion to reconsider. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review and remand for further proceedings.

The agency concluded that Constantino Huirache was ineligible for cancellation of removal because her conviction under Cal.Penal Code § 273a(b) was categorically a "crime of child abuse" within the meaning of 8 U.S.C. § 1227(a)(2)(E)(i). We subsequently held that a conviction under section 273a(b) is *not* categorically a crime of child abuse. *See Fregozo v. Holder*, 576 F.3d 1030, 1034 (9th Cir.2009). We therefore remand for application of the modified categorical analysis in light of the definition of "child abuse" set forth in *Matter of Velazquez–Herrera*, 24 I. & N. Dec. 503 (BIA 2008). *See id.* at 1040.

In light of our disposition, we do not reach Constantino Huirache's remaining contentions.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).